Good morning, your honors. May it please the court, my name is Zulu Ali and I represent the respondent Jorge Palacios-Aguilar. I believe that one of the issues in this particular case is clearly the issue of voluntary departure and unlike many other relief in immigration court, which is rather ambiguous and requires in-depth analysis, I believe that voluntary departure is rather straightforward and is really an issue of timing and elements. I know that the Board of Immigration of Appeals had made a decision that the voluntary departure application that was made in this particular case was in essence a post-conclusion voluntary departure. However, I feel that the record was clear that this was actually a pre-conclusion voluntary departure. Now, with regards to the issue of timing, I believe that pre-conclusion voluntary departure is typically a request that is made prior to the conclusion of the proceedings and at least in this particular case it was made at the initial hearing in the case, which was the master hearing. And I believe also the issues of the elements of the post-conclusion or pre-conclusion voluntary departure is actually clear. I believe that the board held in this particular case that there was no application. They said that actually because the applications were not formally waived or withdrawn that that made them ineligible for the pre-conclusion voluntary departure. However, at the master hearing there was just clearly a discussion and I believe this was actually the first time that counsel on behalf of this particular respondent had made an appearance and the discussion between the what he would have been eligible for. And I believe because of his drug possession conviction, it was determined that he would have not been eligible for cancellation of removal. So that would have been the issue of voluntary departure would have been the only issue. So there was no applications formally. They said that there was no formal withdrawal of the application, but I believe that there was never really any formal submission of the cancellation of removal application. So I believe that the Board of Immigration of Appeals was actually in error when it came to the issue of the fact that there was no formal withdrawal. So I think clearly that there was a, this was pre-conclusion. I believe there was also an issue with the immigration judge with regards to whether one of the elements is about whether the person can show that they intend to actually depart. And in this particular case, I believe that the immigration judge had made inquiry about whether this individual was willing, understood that it was unlawful for him to either return to the United States or not depart the United States. And he did not advise the court that he wasn't willing to leave the United, or willing to leave the United States. I think that the issue was he said that he did not want to be with his family. He did not want to leave his family. And I think a reading of some of the prior transcripts, I believe that he had even alluded to the fact that he would have to take his family with him. So I think that there was no Counsel, Judge Gould, if I could interject a question. Sure, Your Honor. Can you explain to me why, in your view, we have jurisdiction to review a denial of voluntary departure? I believe that you have, in your view, to review the denial of the voluntary departure because it was, I think the court clearly has a, has jurisdiction in this particular case. I don't think that there's, I think the question is why wouldn't the court not have jurisdiction to review a denial of voluntary departure? It was a discretionary relief that was made by the immigration judge and affirmed by the Board of Immigration of Appeals, and I think that it's properly before this court. Well, because it's discretionary, we don't typically have jurisdiction. So I'm trying to figure out why we would have jurisdiction. I have a similar question. Well, I mean, I think that basically the, in this particular case, I believe that the decisions that were made in this particular, by the immigration judge as well as what was the fact that the judge, although he has discretion to grant, I don't think that he has a discretion to make a determination. When he makes a determination and it's pre-conclusion voluntary departure, I believe that that makes it an issue of law. What's your best authority for that, Mr. Alling? I believe that the best authority for the jurisdiction, and I'm sorry, Your Honor, I didn't think that jurisdiction was actually an issue in this case, but I believe that the court clearly has jurisdiction in any case where a person is denied the due process rights to pursue a claim that is well within their right. I mean, pre-conclusion voluntary departure is clearly something that is eligible to anyone who basically meets the elements which were met in this particular case. Do you believe your claim here is a question of law or a constitutional claim? I believe it's both a constitutional, it's a question of law because if a judge makes a determination that someone is not eligible for relief, which he's clearly eligible for, I believe that's really a question of law. I don't believe that's necessarily a question of the... They seem like factual determinations here, so that's why I was just curious, just trying to figure out what your argument why they're constitutional at this point. Well, I think a denial of someone's rights, I think, I guess you can always make a constitutional claim whenever there's a denial of a right that someone is entitled to, but it also is post-conclusion voluntary departure. And what I mean by that being factual is obviously it's a matter of what phase of the immigration proceedings was this individual in. I don't think it's a complicated analysis. I think it's a very straightforward analysis as post-conclusion voluntary departure is clearly an issue whenever a judge makes a decision or is requested after the conclusion of the proceedings. In this particular case, this was not a proceeding that was concluded. This was actually, in fact, the master calendar hearing, meaning that this is the very part of the proceedings. I don't believe that any applications had actually been formally submitted. And in light of the fact that the court had already made a determination, just the fact before even any applications were made that he was not entitled to them, then this was clearly a pre-conclusion voluntary departure. Well, you make very declarative statements and you tell me what in fact it was, but you cite no authority for your positions in your brief or here today. And I just struggle with how it is that we can really respond here to your request because of the lack of authority. I was rather hopeful that you might bring some here today because you didn't really have a lot in your briefing. And the question on voluntary departure, often we have to look to see if it's a jurisdictional question. And I think you've been practicing long enough, certainly before this Court, that you should probably have been prepared today to have that information with you. Okay. Well, I mean, I think that when it comes to the issue of, and I think that as far as if it is a discretionary issue, and I don't believe that this was a discretionary issue, which is where I believe that the question was whether the Court would have authority. I believe it's clearly not an issue of discretionary. Your belief and your saying that it's so doesn't make it so. You have, you know, as you well know, you have to come in and bring your authority and show why it is. And you didn't do it in your briefing. I was hopeful you might have something here today. But that's not the case. But do you have anything else? Do you want to reserve the balance of your time? I will, Your Honor. All right. Thank you, Mr. Trawley. May it please the Court, John Holt for the Attorney General. There was no ineffective assistance of counsel. There are no facts that establish a plausible claim for relief. There is no prejudice here. There's a priceless legal admonition that is the key that unlocks this case. Always salt down the facts first. The law will keep. Always preserve the facts first. The law will keep. Here, Petitioner has not preserved any facts in the manner sanctioned by law to establish prejudice regarding the ineffective assistance of counsel claim. First of all, in the administrative record, on page 122, the immigration judge asked Petitioner whether he feared or felt any torture or harm if he returned to Mexico. Petitioner said he did not. Secondly, Petitioner has not filed an asylum application. Third, Petitioner filed a declaration. On page 59 of the record, Petitioner asserts only that he wants to seek relief. He asserts no facts. So there's nothing in the administrative record that establishes a factual predicate to support the claim of ineffective assistance of counsel. In my colleague's brief on page, the first brief filed to the BIA on page 52 and 53, there are no facts to support claims for relief. His supplemental brief at page 16 and 17 of the record, there are no facts. In his brief before this Court on pages 14 and 16, established no facts. Counsel Judge Gould, if I could interject, on the other claim about voluntary departure, do we have jurisdiction to look at that or not? Under INA 242A2B and D, the Court does have jurisdiction to determine its jurisdiction. We would submit that when the Court looks here, in light of the factual deficit, the claim, that this merely comes down to a discretionary matter and, indeed, the Court has no jurisdiction. But the Court does have jurisdiction under 242A2D to determine the constitutional claim regarding ineffective assistance of counsel. From what I can tell, Petitioner's best argument is that the immigration judge wasn't clear. There was a lack of clarity. I think that's the best argument that they have. And so that is how it transforms this into less of a discretionary and more of a constitutional sort of question. What's your response to that? The Board on page 3 of the record cites Administrative Record 128, where counsel stated that he wanted to see if Petitioner would pursue relief. And here, the Court has no jurisdiction. The immigration judge specifically on page 109 and 123 addresses whether Petitioner had any form of relief in terms of cancellation of removal. The immigration judge concluded that there was not basis for cancellation of removal because of Petitioner's conviction for possession of crystal methamphetamines. And what's significant is Petitioner said that, well, they abandoned relief. There was no relief. Again, I would invite the Court to page 100 of the record when Petitioner filed his appeal at the Board and Petitioner said the immigration judge erred by denying him any form of relief. So we would submit that in this particular point, there is no pre-voluntary cancellation of removal. In response to the judge's question, the immigration judge was quite explicit in terms of addressing possible forms of relief. In terms of pre-cancellation of removal, we think it's inconsistent for Petitioner to come here and assert ineffective assistance of counsel and then claim that he has pre-voluntary removal relief available. But in order to pursue voluntary relief, you have to withdraw all forms of relief. So his argument before the Court here asserting latent grounds of relief is contradictory to pre-cancellation. With respect to post-cancellation of relief, the significant point was that the Board and the immigration judge addressed both, specifically the Board, contrary to my colleague's assertion, the Board at page 3 specifically addresses both pre- and post-voluntary cancellation of relief. Regarding post-cancellation of relief, the immigration judge was very generous, asking Petitioner if he would remove himself. And Petitioner said, and these are his words, these are the words of Petitioner when the judge said, are you going to leave? On page 140 of the record, I have to come back here. I do not want to be separated from my children. The judge said, well, I want to promise that you're going to leave. And Petitioner would not do so. And so even in his declaration on page 59 of the administrative record, the Petitioner asserts that he has to be here for his children. Indeed, it was, he was prescient in that he was removed and within two days he returned to the United States. At the core of this claim, returning back to for a moment the issue of jurisdiction, you cited the statute that provides for judicial review and that statute provides for some exceptions including constitutional claims and questions of law. I asked opposing counsel if he felt those were in play here. He said no. Your answer would be, I'm sorry, he said yes. Your answer would be, I assume, no. And why? We would say that 242A2D, which Your Honor refers to in terms of restoring jurisdiction, is triggered to review the ineffective assistance of counsel claim. But once the court concludes there's absolutely no plausible grounds for relief, then 242A2D does not operate to, as an exception to 242A2B. And so we would submit that the proper relief here is to dismiss the case for lack of jurisdiction. At its core, what we have here is a most unusual case of cognitive dissonance. And the Petitioner comes before the court and argues ineffective assistance of counsel regarding voluntary departure, but then he claims that he didn't want voluntary departure. Also, he insists that he wants pre-voluntary departure, but he has to be here for his children. And that's inconsistent. And finally, he claims that he wants post-voluntary departure, but, excuse me, pre-voluntary departure, but he had to withdraw his claims, and he asserts claims post-voluntary departure, that he wants to be here for his children. We would submit that the court should dismiss the petition for review. Unless there are further questions? Judge Golden? No questions here. Thank you. Thank you, Your Honor. Always a privilege. Thank you. Just quickly to address the Court's question with regards to the jurisdiction, and I believe that in the issue of voluntary departure under CARA Bargain v. Holder 718F3, 1174 and 1176, the Court does have the power to our jurisdiction to review questions of law regarding voluntary departure. Now, with regards to making a determination, I think this is a case that turns on that issue, but as a question of law, is this pre-conclusion or post-conclusion voluntary departure? I think that's a critical question. That goes into making a determination when the BIA primarily said because they did determine that this was post-conclusion voluntary departure. Do you want to wrap up? Oh, I'm sorry. Like a concluding statement? Yes. So I would ask that the Court find that it does have jurisdiction and grant the petition. Thank you. All right. Thank you. Thank you both. The case of Jorge Palacios Aguilar v. Jefferson B. Sessions III is
judges: Gould, Murguia, Zouhary